UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AMBROCIO, CDCR #BA-7999, <br><br> Plaintiff, <br><br> vs. <br><br> K. COTTRELL, <br><br> Defendant. | Case No.: 3:19-cv-1356-WQH-WVG <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]** <br><br> **AND** <br><br> **2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Plaintiff Jose Ambrocio, currently incarcerated at the Richard J. Donovan Correctional Facility (RJD) located in San Diego, California, has filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (Compl., ECF No. 1). In addition, Plaintiff has filed a certified copy of his inmate trust account statement which the Court has liberally construed as a Motion to Proceed In Forma Pauperis (IFP). (ECF No. 2).

**I.  Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the

1

United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether the action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2), as amended by the Prison Litigation Reform Act (PLRA) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff has submitted a certified copy of his California Department of Corrections and Rehabilitation (CDCR) Inmate Statement Report. The CDCR Inmate Statement

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Report Plaintiff has submitted shows that he has a current available balance of $0.00. *See* ECF No. 2 at 3. Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because Plaintiff's prison certificate indicates he may have "no means to pay it," *see Bruce*, 136 S. Ct. at 629, and directs the secretary of the CDCR, or the secretary's designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, the Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

1 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**A. Plaintiff's Factual Allegations**

In December of 2018, Plaintiff was transferred from the California Medical Facility to RJD. *See* Compl. at 3. When Plaintiff arrived at RJD, he met with Lieutenant Cottrell who told him that she was placing him in "Facility A." *Id.* However, Plaintiff "specifically told" Cottrell to not send him to this yard because he was a "sensitive need yard" (SNY) inmate and he was "likely" to get hurt by general population inmates. *Id.* Plaintiff informed Cottrell that he had been a SNY inmate "since 2016 and that most of the inmates at Facility 'A' were [his] enemies." *Id.* at 3–4.

Plaintiff claims Cottrell told him that "she knew that the [SNY] inmates were 'getting beat' up by fist or stabbed by general population inmates" but Plaintiff "wasn't going to be targeted by those general population inmates." *Id.* at 4. Plaintiff alleges he "repeatedly told her that [his] physical safety and [his] life were in jeopardy if she [placed him] in Facility 'A'." *Id.* He then asked to be placed in "administrative housing" for his "own protection and safety." *Id.* However, Cottrell responded "no, I am not going to put you in protective custody unless you show me that you are in danger or unless you actually get hurt." *Id.* Plaintiff was ultimately housed in Facility "A." *Id.*

On January 2, 2019, Plaintiff "was walking outside the recreation yard" when "two inmates from the general population approached [him]" and "attacked [him] physically" by "stabbing [him] four times on [his] upper back." *Id.* Plaintiff alleges that the inmate "screamed to [his] face" an expletive and also used a derogatory term often used for SNY inmates. *Id.* at 5.

4

Plaintiff began to bleed and went to the "EOP building" where he asked correctional officers for medical care. *Id.* Plaintiff told them he had been "stabbed by two general population inmates on the yard." *Id.* Plaintiff was later taken by ambulance to Scripps Mercy Hospital for "emergency treatment." *Id.*

As currently pleaded, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), *see Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (stating that the Eighth Amendment "requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates'") (quoting *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] . . . to protect prisoners from violence at the hands of other prisoners.")).

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the secretary of the CDCR, or the secretary's designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the

amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve the Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendant as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendant, once she has been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (stating that while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendants are required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to

serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or her counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant, or Defendant's counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: August 2, 2019

*[signature]*
Hon. William Q. Hayes
United States District Court